# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

JONATHAN F. DILLARD,

               Plaintiff,

     v.

UNITED STATES DEFENDANTS,

             Defendants.

Case No. 1:24-cv-00349-BLW

**INITIAL REVIEW ORDER
BY SCREENING JUDGE**

      This in forma pauperis Complaint filed by Plaintiff Jonathan F. Dillard ("Plaintiff") was assigned to this Court for screening. The Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers merely "labels and

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Claims against federal actors are asserted under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the civil rights counterpart of 42 U.S.C. § 1983 (state actors). A *Bivens* action requires that a plaintiff plead facts alleging a violation of constitutional rights caused by agents acting under the color of federal law. *See Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). Under *Bivens*, the federal employee must be sued in his or her individual capacity. *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996).

### REVIEW OF AMENDED COMPLAINT

### 1. Factual Allegations

All allegations arise from a supervised release revocation in Plaintiff's federal criminal action, Case No. 1:15-cr-00170-DCN, *United States v. Dillard* ("Case 170"). Plaintiff asserts that Chief United States District Judge David C. Nye knowingly approved a fraudulent arrest warrant on May 18, 2023. Dkt. 3 at 4. Plaintiff alleges that this act amounts to "judicial criminal misconduct" and a violation of Plaintiff's civil rights. *Id*.

Plaintiff asserts he was falsely arrested and held in the Ada County Jail under a false indictment. *Id*. He made his first appearance in the revocation proceedings on May 25, 2023. (Case 170, Dkt 167.)  Plaintiff alleges that, during the course of judicial proceedings, Judge Nye sealed all documents that Plaintiff submitted that would have proven his case, and Judge Nye allegedly conspired with a state judges and prosecutors to

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

conceal the truth and find Plaintiff guilty. *Id*. at 5-6. As a result of Judge Nye's alleged preplanned decision at the revocation hearing, Plaintiff released supervision was revoked, and he was wrongfully imprisoned. *Id*. at 6.

Plaintiff further asserts that his criminal defense attorney, Joshua Taylor, "who also was the prosecutor for the State of Idaho Attorney General's Office," knew Plaintiff was not guilty.  Dkt. 3 at 7. Taylor went "to great lengths to prevent [Plaintiff] from proving his innocence." *Id*. The remainder of Plaintiff's claims against Taylor are illegible. *Id*.

Plaintiff also brings claims against United States probation officers Crystal Laleman and Colin Starry. Starry allegedly threatened witness "Matt H. of H&H Treatment Center" to dissuade him from testifying for Plaintiff. *Id*. at 5.Plaintiff asserts that Starry threatened the livelihood of federal defense attorney William Pope, who had discovered the court records of 12 other individuals who had complained that Starry intimidated other witnesses. Laleman allegedly took illegal action as a probation officer against Plaintiff and other citizens of Idaho. *Id*.

Plaintiff makes further allegations against Ada County employees, but he has not named any Ada County employees as defendants in the lawsuit caption. He states that Ada County Sheriff's Office employees "beat the hell out of [him]" with the intent to kill him due to evidence he submitted to the state court on May 23, 2024. *Id*. at 7. These causes of action must be brought under 42 U.S.C. § 1983 in any amended complaint, as they are state, not federal, actors.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

## 2.  Claims related to Plaintiff's Criminal Case

Plaintiff's claims duplicate those asserted in Case No. 1:23-cv-00337-AKB,

*Dillard v. Ada County* ("Case 337") and Case No. 1:23-cv-00557-AKB, *Dillard v. United States*, et al. ("Case 557"). In Case 337, Plaintiff was instructed that claims implying the decisions in criminal Case 170 are invalid could not be litigated in a civil rights case. A collateral challenge to a criminal judgment is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because the Court explained these principles in the Initial Review Order in Case 337, it will not do so again here, but will refer Plaintiff to that Order. (*See* Dkt. 22, pp. 5-9, in Case 337). Any claims that imply that the supervised release revocation in Case 170 was incorrect must not be included in any amended complaint.

## 3.  Claims Barred by Judicial Immunity

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

conspiracy between judge and [a party] to predetermine the outcome of a judicial

proceeding, while clearly improper, nevertheless does not pierce the immunity extended

to judges.'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman v.*

*Pope*, 793 F.2d at 1078), *superseded by statute on other grounds*).

 In addition, "judicial immunity is not overcome by allegations of bad faith or

malice, the existence of which ordinarily cannot be resolved without engaging in

discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute immunity

for judicial officers "is justified and defined by the functions it protects and serves, not by

the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

 There are two circumstances in which absolute judicial immunity does not apply.

First, a judge may not rely on immunity when he or she performs an act that is not

"judicial" in nature. *Stump*, 435 U.S. at 360. For example, a justice of the peace who left

the bench and personally used physical force to evict a person from the courtroom was

deemed to have committed a nonjudicial act not covered by absolute immunity. *See*

*Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a judge

ordered officers "to forcibly and with excessive force seize and bring plaintiff into his

courtroom," judicial immunity applied, because a "judge's direction to court officers to

bring a person who is in the courthouse before him is a function normally performed by a

judge." *Mireles*, 502 U.S. at 12. Judicial immunity was not denied even though the judge

erred in authorizing the officers to use excessive force, because it is the nature and

function of the act (ordering officers to act), not the act itself that is scrutinized.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly. . . . A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* at 356.

The question of whether a judge acted in excess of his or her authority in making a judicial ruling (covered by immunity) is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction (not covered by immunity). If a judge exceeds his or her authority in making a judicial ruling in a particular case, that judge is immune only if the case is properly before him or her. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357.

In reviewing an allegation that a judge acted in the clear absence of all jurisdiction, the Court considers whether the judge was acting beyond the scope of the subject matter jurisdiction of the court in which he presided. *See Sparkman*, 435 U.S. at 356-57; *Ashelman*, 793 F.2d at 1076. In instances where "jurisdiction over the subject-matter is invested by law in the judge or in the court which he holds, the manner and

extent which the jurisdiction shall be exercised are generally as much questions for his

[or her] determination as any other questions involved in the case. . . ." *Stump*, 435 U.S.

at 356 n.6.

Article III, § 1, of the United States Constitution provides: "The judicial Power of

the United States, shall be vested in one supreme Court, and in such inferior Courts as the

Congress may from time to time ordain and establish." United States district courts and

courts of appeal are Article III courts.

As to subject matter, Article III, § 2, extends federal judicial power "to all Cases,

in Law and Equity, arising under this Constitution [and] the Laws of the United

States…." Title 28 U.S.C. § 1331 confers subject-matter jurisdiction on federal district

courts to hear federal questions, such as those brought under the federal Constitution and

*Bivens*.

Here, the allegations in the Complaint focus on actions arising from functions

normally performed by a United States district judge, including issuing warrants, holding

hearings, making evidentiary rulings, and determining whether to seal documents.

Therefore, it appears that judicial immunity applies to preclude Plaintiff's claims against

Judge Nye.

For purposes of further amendment, Plaintiff must determine whether he can meet

the "non-judicial acts" or "absence of all jurisdiction" exceptions set forth above that

would permit him to proceed on a claim against Judge Nye. If Plaintiff has facts showing

that judicial immunity does not apply, he may assert them in an amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

4. **Claims against Defense Attorney**

As to Plaintiff's claims against his criminal defense attorney, Mr. Taylor, the law provides that defense attorneys generally are not considered state or federal government actors for purposes of § 1983 or *Bivens*. See *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (a federal public defender was not a federal officer acting under color of federal law when he represented Cox in the federal criminal proceeding, relying on *Bivens*, 403 U.S. at 389-397); *see West v. Atkins*, 487 U.S. 42 (1988) (§ 1983 context).

However, when a plaintiff claims that defense attorneys conspired with state or federal officials to violate his constitutional rights, the attorney conspirator may be held liable under § 1983, even though the judge is afforded absolute judicial immunity. *See Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (citing *Dennis v. Sparks*, 449 U.S. 24, 28-29 (1980)). The same is true for *Bivens* actions. *See, e.g., Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011). If Plaintiff has plausible conspiracy allegations, he may state them in an amended complaint. If not, he should omit this claim from any amended complaint.

To the extent that Plaintiff is claiming ineffective assistance of counsel under the Sixth Amendment, such claims would properly be brought in a habeas motion filed under 28 U.S.C. § 2255, not a civil complaint. *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus."). All claims against Taylor are subject to dismissal for failure to state a claim upon which relief can be granted.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

**5.  Claims that may be Subject to Quasi-Judicial Immunity**

Plaintiff brings claims against United States probation officers Crystal Laleman and Colin Starry. Under the law, some probation officer functions are covered by absolute quasi-judicial immunity or absolute witness immunity, both of which require dismissal of such claims at the pleadings stage, but other functions must be analyzed under qualified immunity grounds, which is an issue that is decided after the pleading stage, but before general discovery is undertaken. *See Saucier v. Katz*, 533 U.S. 194 (2001), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009),.

In *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1985), the court held that probation officers preparing presentence reports for judges are entitled to absolute immunity from suit for damages under § 1983 because they "serve a function integral to the independent judicial process. Like parole board members, they act as an arm of the sentencing judge." *Id*. at 157 (punctuation and citation omitted).

Absolute witness immunity does not extend to "complaining witnesses," such as probation officers making allegations in arrest warrants in an attempt to support a prosecution. *Malley v. Briggs*, 475 U.S. 335, 340 (1986); *Harris v. Roderick*, 126 F.3d 1189, 1198-99 (9th Cir. 1997) (holding that police officer witnesses are not entitled to absolute witness immunity for perjured grand jury testimony that brings about a wrongful prosecution).

Nevertheless, qualified immunity may apply to complaining witnesses, under an objective standard. Qualified immunity applies where "officers of reasonable competence could disagree" on whether a warrant should issue. *Briggs*, 475 U.S. at 341. But, if "it is

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

obvious that no reasonably competent officer would have concluded that a warrant should issue", then qualified immunity should not be applied. *Id*.

Here, Plaintiff has not stated sufficient facts to enable the Court to screen the claims against the United States probation officers. Plaintiff will be granted leave to amend. He must specifically state "the who, what, where, when, why, and how" of each Defendant's actions in any amended complaint.

**6. Claims based on Criminal Statutes**

Criminal statutes provide no basis for civil liability or a private cause of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (federal criminal statutes). If Plaintiff desires criminal prosecution, he must ask the United States Attorney General to bring those claims.

## PLAINTIFF'S MOTION

Plaintiff has filed a motion entitled "Motion in Request to Allow Service Here of these few Attachments." Dkt. 5. These attachments are not evidentiary exhibits, but explanations written by Plaintiff to support his assertions that judges and prosecutors are conspiring against him. These attachments do not take the place of pleadings. If Plaintiff desires to include this information in his pleadings, he must do so in any amendment.

## INSTRUCTIONS FOR AMENDMENT

If Plaintiff chooses to file an amendment, he must provide facts showing a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *see Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations

of official participation in civil rights violations are not sufficient." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678.

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading. In addition, the amended complaint must be legible. If Plaintiff fails to file an amended complaint, the Court will enter judgment in this case, and it will be closed.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint is DISMISSED without prejudice with leave to amend. If Plaintiff decides to pursue his claims in this action, he must file an amended complaint, correcting the deficiencies set forth above, no later than **30 days** after entry of this Order.

2. Plaintiff's "Motion in Request to Allow Service Here of these few Attachments" (Dkt. 5) is DENIED as MOOT. Any information contained in the attachments, which are merely other writings of Plaintiff, must be included in one comprehensive amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

DATED: December 3, 2024

B. Lynn Winmill
U.S. District Court Judge