UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN F. DILLARD,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES DEFENDANTS,<br><br>              Defendants. | Case No. 1:24-cv-00349-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

The Court earlier dismissed without prejudice the civil rights Complaint of Plaintiff Jonathan F. Dillard ("Plaintiff") and ordered him to file an amended complaint to cure the identified deficiencies. Dkt. 7. Plaintiff has filed a series of mostly illegible filings (Dkts. 12, 13, 14, 15), including a response (Dkt. 12) to the Initial Review Order (Dkt. 7). It appears that Plaintiff is arguing that he does not want to sue government officials, but the United States itself and the State of Idaho itself. A review of Plaintiff's pleadings show that he has not stated any claim against the United States upon which he can proceed. "The United States, as sovereign, is immune from suit [unless it] consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

Nor has Plaintiff stated a cause of action against Idaho, also a sovereign entity. The Eleventh Amendment provides "sovereign immunity" to states. A state cannot be sued in federal court except in two instances: (1) where the state has expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

The State of Idaho has not waived sovereign immunity for § 1983 suits in federal court, and Congress has not abrogated state sovereign immunity for such suits. The Eleventh Amendment's jurisdictional bar applies to states "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff also argues that he has filed a sworn civilian's criminal complaint in the state magistrate court in Ada County. His action in that court is not relevant to whether he has stated a claim in this Court.

None of these arguments shows Plaintiff should be permitted to proceed. Accordingly, the Court will enter a judgment closing this case. Nothing further, except a notice of appeal, if desired, must be filed in this closed case.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Requests for Reconsideration of Order Directing Prisoner Payment (Dkts. 11, 13) are DENIED as MOOT. There is no "fee waiver" in federal court. That is a provision created by, and applicable in, state courts.

2. Nothing further, except a notice of appeal, if desired, must be filed in this closed case.

DATED: April 29, 2025

B. Lynn Winmill
U.S. District Court Judge